NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0726n.06
Filed: August 18, 2005

Case No. 04-3263

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CHRISTOPHER BELL,                          )
                                           )
    Plaintiff-Appellant,                   )
                                           )        ON APPEAL FROM THE
         v.                                )        UNITED STATES DISTRICT
                                           )        COURT FOR THE NORTHERN
REGINALD WILKINSON, et al.,                )        DISTRICT OF OHIO
                                           )
    Defendants-Appellees.                  )
                                           )
 _____     )
                                           )
                                           )

BEFORE: KEITH, BATCHELDER and COLE, Circuit Judges.

ALICE M. BATCHELDER, Circuit Judge. Plaintiff-Appellant Christopher Bell ("Bell"),

an inmate at an Ohio correctional facility, appeals the district court's judgment dismissing his § 1983

civil rights action. Bell filed a complaint on July 24, 2003, alleging that various officials employed

at Ohio's Grafton Correctional Institution violated his civil rights. The complaint, which seeks

equitable and monetary relief, alleges that: 1) prison officials violated his due process rights by

losing and confiscating his property; 2) insufficient evidence supports various convictions for prison

rules infractions imposed by the prison's Rules Infraction Board; 3) prison officials violated Bell's

constitutional rights by allowing for his exposure to tobacco smoke; 4) prison officials violated his

due process rights by transferring him from Grafton to another prison; 5) prison officials denied him

due process by failing to follow Ohio's inmate grievance procedures; 6) prison officials violated his

rights under Title VI of the Civil Rights Act of 1964; and 7) prison officials violated his rights under the Privacy Act, 5 U.S.C. § 522a. On December 19, 2003, the district court entered a Memorandum of Opinion and Order in which it *sua sponte* dismissed Bell's action pursuant to 28 U.S.C. § 1915(e). Bell, proceeding pro se, timely appealed and filed a brief on April 22, 2004, which reasserts the arguments that the district court rejected.

After carefully reviewing the record, the applicable law, and Bell's brief, we are convinced that the district court did not err in its conclusions. As the district court's opinion carefully and correctly sets out the law governing the issues raised, and clearly articulates the reasons underlying its decision, issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we AFFIRM.

We add only that the Supreme Court's intervening decision in *Muhammad v. Close*, 540 U.S. 749 (2004) (per curiam) does not change the result of the district court's holding that Bell could not challenge the decision of the prison's Rules Infraction Board under § 1983 unless the Board's decision is overturned. *Muhammad* held that a prisoner is not required to resort to state litigation and federal habeas corpus before asserting a § 1983 claim when the "prisoner's challenge . . . threatens no consequence for his conviction or the duration of his sentence." *Id*. at 751. Bell complains that the Rules Infraction Board sentenced him to thirty days in the prison's disciplinary unit. According to Ohio Admin. Code § 5120-2-07(c)(1) (2004), prisoners cannot earn good-time credits while confined in disciplinary control. These convictions on the charges of rules infractions, therefore, do impact the duration of Bell's confinement, and *Muhammad* is therefore inapposite. *See also, Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (prisoner's claim not cognizable under § 1983

2

because "[t]he principal procedural defect complained of . . . would, if established, necessarily imply the invalidity of the deprivation of his good-time credits").

We further add that the Supreme Court's recent decision in *Austin v. Wilkinson*, 125 S. Ct. 2384 (2005) does not alter the analysis or the result reached by the district court with regard to Bell's claim that he was transferred from the Grafton Correctional Institution to another correctional institution without due process. *Austin* held that because of the harsh conditions in the Ohio State Penitentiary, a "supermax" prison facility, assignment to that facility imposes an atypical and significant hardship sufficient to give rise to an inmate's liberty interest in avoiding such an assignment. *Id.* at 2395-96. But *Austin* made it clear that the determination of whether an inmate has a liberty interest in avoiding a particular condition of confinement or a particular institutional placement continues to be governed by *Sandin v. Conner*, 515 U.S. 472 (1995), and that

> these interests will generally be limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

*Id.* at 484. The transfers of which Bell complains were not to "supermax" facilities, and *Austin* is inapposite. Nor did the transfers impose either atypical or significant hardship on Bell in relation to the ordinary incidents of prison life.

Accordingly, for the reasons contained in the district court's opinion, as further explained herein, we **AFFIRM** the judgment of the district court.

3